**Ricky Levert FRANKLIN,
Plaintiff–Appellant,**

v.

**HINDS COUNTY SHERIFF DEPART-
MENT; Rebecca Pittman, Sheriff In-
vestigator; Jamie K. McBride, Assis-
tant District Attorney, Defendants–
Appellees.**

No. 12–60758
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

May 3, 2013.

Ricky Levert Franklin, pro se.

Before SMITH, PRADO, and
HIGGINSON, Circuit Judges.

PER CURIAM: *

Ricky Franklin, Mississippi prisoner
# 101951, appeals the dismissal of his third
42 U.S.C. § 1983 action alleging constitu-
tional violations resulting from his arrest
and prosecution for aggravated assault,
sexual battery, rape, and kidnaping, with
all charges arising from the same incident.
Franklin was convicted of aggravated as-
sault and kidnaping and was acquitted on
the sexual battery charge; the jury hung
on the rape charge. The thrust of Frank-
lin's argument is that there was insuffi-
cient evidence to charge and prosecute him
for rape and sexual battery and that that
is evidenced by his acquittal on the sexual

battery charge and by the hung jury on
the rape charge. Given the slanderous
nature of such charges, he avers, his
Fourth and Fourteenth Amendment rights
were violated.

Franklin previously sued Hinds County
Sheriff's Investigator Pittman, Assistant
District Attorney McBride, the Hinds
County Sheriff, and Hinds County District
Attorney Robert Smith in two § 1983 ac-
tions arising from the aforementioned inci-
dent. His claims were either denied or
dismissed based on qualified immunity,
prosecutorial immunity, or *Heck v. Hum-
phrey,* 512 U.S. 477, 114 S.Ct. 2364, 129
L.Ed.2d 383 (1994), and as conclusional,
frivolous, or repetitive. He seeks to reliti-
gate the claims in the instant § 1983 ac-
tion.

The doctrine of res judicata bars the re-
litigation of claims that either have been
litigated or should have been raised in an
earlier suit. *St. Paul Mercury Ins. Co. v.
Williamson,* 224 F.3d 425, 436 (5th Cir.
2000). For true res judicata to apply, four
elements must be satisfied: (1) The parties
in the lawsuits must be either identical or
in privity with one another; (2) the judg-
ment must have been rendered by a court
of competent jurisdiction; (3) the action
must have concluded with a final judgment
on the merits; and (4) the same claim or
cause of action must be involved in both
suits. *Southmark Corp. v. Coopers & Lyb-
rand (In re Southmark Corp.),* 163 F.3d
925, 934 (5th Cir.1999).

Franklin's claims against McBride, indi-
vidually, are barred by prosecutorial im-
munity; his claims against Investigator
Pittman, individually, are barred by quali-
fied immunity; and his claims against the
Sheriff's Department, which were actually

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

against the county, failed to state a constitutional violation. Those claims either were or should have been raised in his first or second § 1983 action. *See id.* Furthermore, Franklin does not address the district court's findings that McBride and Pittman are immune from suit or that the sheriff's department is not a separate legal entity. Franklin has therefore abandoned any such arguments. *See Yohey v. Collins,* 985 F.2d 222, 224–25 (5th Cir.1993).

As for the claims against Hinds County, which include those against Pittman and McBride in their official capacities, *see Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985), there is no dispute regarding the first three prongs of the res judicata test. As for the fourth, this court determines whether two suits involve the same claim or cause of action by applying a "transactional test." *United States v. Davenport,* 484 F.3d 321, 326 (5th Cir.2007). Under that test, the inquiry focuses on whether the two cases under consideration are based on the same nucleus of operative facts. *Id.* If so, the judgment's preclusive effect extends to all rights the original plaintiff had with respect to all or any part of the transaction from which the original suit arose. *Id.*

Franklin's claims satisfy that test, because they all stem from his arrest and prosecution for the referenced assault and kidnaping, so they are barred by res judicata. The district court did not err in so finding, and most importantly, Franklin does not argue otherwise.

Because the appeal does not raise an issue of arguable merit, it is frivolous, *Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983), and is therefore DISMISSED, *see* 5TH CIR. R. 42.2. This dismissal counts as Franklin's third strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 385–87 (5th Cir.1996).

In accordance with § 1915(g), Franklin is barred from proceeding *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g). We warn Franklin that any additional frivolous appeals will invite sanctions. Franklin is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.